IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

NANCY HAAS,
individually and as representative of the
ESTATE OF WILLIAM HAYNES HAAS,
    Plaintiff,
v.                                                        Case No.: 3:20-cv-00247-KC

PILOT TRAVEL CENTERS, LLC,
d/b/a FLYING J TRAVEL PLAZA # 728,
    Defendant.

## **PLAINTIFF'S AMENDED COMPLAINT WITH JURY DEMAND**

Plaintiff, NANCY HAAS, individually and as representative of the ESTATE OF WILLIAM HAYNES HAAS ("Haas" or "Plaintiff"), files this Amended Complaint against Defendant PILOT TRAVEL CENTERS, LLC d/b/a FLYING J TRAVEL PLAZA # 728 ("Pilot" or "Defendant"), and respectfully shows as follows:

### I. Parties

1. Plaintiff NANCY HAAS is an individual residing in El Paso, Texas. Plaintiff NANCY HAAS is the personal representative of the ESTATE OF WILLIAM HAYNES HAAS for the purposes of pursuing this action in accordance with Rule 25(a) of the Federal Rules of Civil Procedure. Plaintiff NANCY HAAS is also the surviving spouse of WILLIAM HAYNES HAAS. Plaintiff NANCY HAAS brings this suit individually and in her representative capacity.

2. Defendant PILOT TRAVEL CENTERS, LLC d/b/a FLYING J TRAVEL PLAZA # 728 is a Domestic Corporation, and was served with process by serving its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201, or wherever it may be found.

## II. Jurisdiction and Venue

3. Defendant removed this case to this Court, alleging diversity jurisdiction. Ecf 1, "Defendant's Notice of Removal".

## III. Chronology of Facts

4. Commercial Property Owners, such as stores owners, mall owners and truck stops must safely assess dangerous conditions on their property to prevent slips and falls and to protect disabled visitors, guests and customers from physical injuries and emotional traumas.

5. Commercial Property Owners, such as store owners, mall owners and truck stops must safely warn disabled visitors, guests and customers about dangerous conditions on their property to prevent serious injuries and to protect us all from physical and emotional traumas.

6. Pilot Travel Centers, LLC d/b/a Flying J Travel Plaza # 728 is a property owner and truck stop at 1301 Horizon Blvd., El Paso, TX 79928.

7. Pilot is a commercial property owner and truck stop which must safely warn disabled visitors, guest and customers, like all of us, about dangerous conditions on its property to prevent serious injuries and to protect us all from physical and emotional traumas.

8. Pilot is a property owner and truck stop which must safely assess dangerous conditions on its property to prevent slip and falls and to protect disabled visitors, guests and customers, like all of us, from physical injuries and emotional traumas.

9. On May 27, 2019, Property Owner Pilot is aware its sidewalk is deceptively and misleadingly designed and pained to falsely indicate the presence of a wheelchair ramp where instead there is a curb with a drop.

10. On May 27, 2019, Property Owner Pilot receives a disabled Customer -- a 70-year-old male with multiple sclerosis who is confined to a motorized wheelchair.

11. The disabled Customer approaches Property Owner Pilot's sidewalk which is deceptively and misleadingly designed and painted to falsely indicate the presence of a wheelchair ramp where instead there is a curb with a drop.

12. The disabled Customer goes over the edge of the curb in his wheelchair and crashes, falling onto the hard asphalt, and breaking several bones.

13. As a result of the May 27, 2019 fall, Pilot's Customer suffers serious injuries requiring his hospitalization from May 28, 2019 through June 10, 2019.

14. On February 2, 2021, the Customer dies, in substantial part due to the injuries complained of in the instant suit.

15. Customer is William Haynes Haas.

### IV. Causes of Action: Negligence

16. William Haynes Haas was an invitee, a person who entered Commercial Property Owner Pilot's premises at 1301 Horizon Blvd., El Paso, TX 79928 with Commercial Property Owner Pilot's knowledge and for their mutual benefit.

17. William Haynes Haas was a licensee, a person who had the express or implied permission of Commercial Property Owner Pilot to enter and remain on Property Owner Pilot's premises at 1301 Horizon Blvd., El Paso, TX 79928.

18. Commercial Property Owner Pilot is a possessor of the premises located at 1301 Horizon Blvd., El Paso, TX 79928.

19. The condition of the deceptively and misleadingly designed and painted sidewalk at Commercial Property Owner Pilot's premises at 1301 Horizon Blvd., El Paso, TX 79928 posed an unreasonable risk of harm to disabled individuals.

20. Commercial Property Owner Pilot had actual knowledge that the deceptively and misleadingly painted sidewalk posed an unreasonable risk of harm to disabled individuals.

21. Commercial Property Owner Pilot reasonably should have known that the deceptively and misleadingly designed and painted sidewalk posed an unreasonable risk of harm to disabled individuals.

22. William Haynes Haas did not have actual knowledge of the harm posed at Commercial Property Owner Pilot's premises at 1301 Horizon Blvd., El Paso, TX 79928.

23. Commercial Property Owner Pilot breached its duty of care by failing to adequately warn William Haynes Haas of the harmful condition that existed at the premises of 1301 Horizon Blvd., El Paso, TX 79928.

24. Commercial Property Owner Pilot breached its duty of care by failing to make the harmful condition that existed at the premises of 1301 Horizon Blvd., El Paso, TX 79928 reasonably safe.

25. Commercial Property Owner Pilot's breach of this duty of care proximately caused William Haynes Haas's injuries.

## V. Jury Demand

26. Plaintiff requests that this case be decided by a jury as allowed by Federal Rules of Civil Procedure 38.

### VI. Prayer

27. Plaintiff prays that she recover, from Defendant, actual damages, including but not limited to, mental anguish and inconvenience, emotional pain and suffering, loss of enjoyment of life, bodily injury, pain and suffering, economic damages and benefits in the past and future, compensatory damages, punitive damages, prejudgment interest, post judgment interest, costs and such other and further relief to which he may show himself to be justly entitled, in law and in equity.

**SIGNED** on this 2nd day of March, 2021.

Respectfully submitted,
**CHAVEZ LAW FIRM**
2101 Stanton Street
El Paso, Texas 79902
(915) 351-7772

By: _Michael R. Anderson_
**Enrique Chavez, Jr.**, State Bar No. 24001873
enriquechavezjr@chavezlawpc.com
**Michael R. Anderson**, State Bar No. 24087103
manderson@chavezlawpc.com
*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

The foregoing instrument was e-filed and e-served on all counsel through the Court's efiling system. Accordingly, the Federal Rules of Civil Procedure do not require a Certificate of Service. Fed. R. Civ. P. 5(d)(1)(B) ("No certificate of service is required when a paper is served by filing it with the court's electronic-filing system.").