UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

NANCY HAAS,
individually and as representative of the
ESTATE OF WILLIAM HAYNES HAAS,
    Plaintiff,
v.                                          Cause No. 3:20-cv-00247-FM

PILOT TRAVEL CENTERS, LLC,
d/b/a FLYING J TRAVEL PLAZA # 728,
    Defendant.

<u>PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR FINAL SUMMARY JUDGMENT, and, ALTERNATIVELY, PLAINTIFF'S MOTION FOR LEAVE TO FILE PLAINTIFF'S SUR-REPLY</u>

TO THE HONORABLE U.S. DISTRICT COURT, HON. MONTALVO, J.:

Comes now Plaintiff Nancy Haas ("Plaintiff") and files this Motion to Strike "Defendant's Reply In Support Of Defendant's Motion For Final Summary Judgment", Ecf 40, ("Reply"), and, alternatively, Plaintiff's Motion for Leave to File Plaintiff's Sur-Reply, respectfully showing the following:

1. Courts "may not review arguments raised for the first time in [a] reply brief." *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1437 (5th Cir. 1989).

2. Additionally, the Fifth Circuit holds that "a district court abuses its discretion when it denies a party the opportunity to file a surreply in response to a reply brief that raised new arguments and then relies solely on those new arguments it its decision." *Redhawk Holdings v. Daniel J. Schreiber Tr.*, No. 20-30157, at *5-6 (5th Cir. Nov. 12, 2020) (citing *Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 F. App'x 749, 751 n.2 (5th Cir. 2014); *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017); *Conroy v. Vilsack*, 707 F.3d 1163, 1179 n.6 (10th Cir. 2013); *Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186,

1191-1192 (10th Cir. 2006)).

3. On April 18, 2022, Defendant Pilot Travel Centers, LLC, d/b/a Flying J Travel Plaza # 728 ("Defendant") filed Defendant's Reply.

4. **Defendant's Reply contains new arguments, not previously raised, as follows**:

    a. Defendant's Reply alleges Plaintiff's expert witness, Dr. Daryl Dichoso, M.D., would not testify that Defendant's negligence, and the resulting fall of William Haas ("Invitee Haas"), was the proximate cause of Invitee Haas' death. Ecf 40, p. 2;

    b. Defendant's Reply alleges that even if Invitee Haas was unaware of the dangerous condition on Defendant's premises, the condition would still be open and obvious as a matter of law, claiming "Texas courts have routinely found that a condition is open and obvious even when the plaintiff claims to have not noticed it on the date of the alleged injury." Ecf 40, p. 4; and

    c. Defendant's Reply claims, without citing to any case law, that any negligence on behalf of Defendant cannot be a substantial contributor to Invitee Haas' death because Invitee Haas would have died eventually. Ecf 40, p. 7 ("Thus, the incident was not a "substantial" contributor to Haas' death because he would have died in any event due to any one of his serious medical conditions.").

5. Additionally, Defendant's Reply discusses the following case law not previously cited in Defendant's Motion for Summary Judgment:

    a. *Austin v. Kroger Tex., LP*, 465 S.W.3d 193, 204 (Tex. 2015);

    b. *Rivas de Rios v. Wal-Mart Stores Texas, LLC*, No. 1:15-217, 2017 WL 1032118, at *1, *3 (W.D. Tex. Feb. 8, 2017) (mem. op.);

    c. *Kilchrist v. Sika Corp.*, 555 Fed.Appx. 350, 352 (5th Cir. 2014);

    d. *Estes v. Wal-Mart Stores Texas, LLC*, No. 3:16-cv-02057-M, 2017 WL 2778108, at *3 (N.D. Tex. Jun. 27, 2017) (mem. op.);

    e. *Corgey v. Target Corp.*, No. H-17-235, 2018 WL 4103023, at *1-*2 (S.D. Tex. Aug. 6, 2018) (mem. op.)

    f. *Dunn v. Wal-Mart Stores, Inc.*, Civil Action No. 3_17-CV-1187-K (N.D. Tex. Oct. 3, 2018);

    g. *Hughes v. Kroger Tex. L.P*, No. 3_15-CV-0806-M (N.D. Tex. Mar. 4, 2016);

  h. *Martin v. Gehan Homes*, No. 03-06-00584-CV (Tex. App. Jun. 4, 2008); and

  i. *Young v. BL Dev. Corp.*, No. 20-60992 (5th Cir. Feb. 11, 2022).

6. Accordingly, the Court cannot consider the new legal arguments raised in, and should strike, Defendant's Reply. *Peteet*, 868 F.2d at 1437.

7. Alternatively, the Court should grant Plaintiff leave to file a Sur-Reply, in order to address the new arguments Defendant raises for the first time in Defendant's Reply. *Redhawk Holdings*, No. 20-30157, at *5-6 (citing *Warrior Energy Servs. Corp.*, 551 F. App'x at 751 n.2; *Austin*, 864 F.3d at 336; *Conroy*, 707 F.3d at 1179 n.6; *Pippin*, 440 F.3d at 1191-1192).

8. Specifically, Plaintiff now submits to the Clerk of this Court the attached Sur-Reply.

9. In order to provide this Court with the type of reasoned analysis and work product to which it is accustomed, Plaintiff seeks leave to file "Plaintiff's Sur-Reply to Defendant's Reply In Support Of Defendant's Motion For Final Summary Judgment" ("Sur-Reply") to fully and adequately address the issues raised in Defendant's Reply, and to show the truth as to the merits of this suit. Plaintiff's Sur-Reply addresses Defendant's new arguments regarding proximate causation, the concealed nature of the dangerous condition on Defendant's premises, and how Defendant's negligence substantially contributed to Invitee Haas' death. Plaintiff's Sur-Reply also addresses the case law Defendant cites for the first time in Defendant's Reply. The Sur-Reply is necessary to properly advance the arguments of the case.

10. There is no prejudice to Defendant.

11. Defendant is opposed to this Motion.

**WHEREFORE**, for the reasons set forth above, Plaintiff respectfully requests that this honorable Court grant strike Defendant's Reply, or alternatively grant Plaintiff leave to file Plaintiff's Sur-Reply, and deny Defendant's Motion for Summary Judgment in its entirety because, ultimately, Plaintiff's claims are meritorious.

SIGNED on this 26th day of April, 2022.

                                             Respectfully submitted,

                                             CHAVEZ LAW FIRM
                                             2101 N. Stanton Street
                                             El Paso, Texas 79902
                                             (915) 351-7772

By: _____
                                             Enrique Chavez, Jr., State Bar No. 24001873
                                             enriquechavezjr@chavezlawpc.com
                                             Michael R. Anderson, State Bar No. 24087103
                                             manderson@chavezlawpc.com
                                             *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The foregoing instrument was e-filed and e-served on all counsel through the Court's e-filing system. Accordingly, the Federal Rules of Civil Procedure do not require a Certificate of Service. Fed. R. Civ. P. 5(d)(1)(B) ("No certificate of service is required when a paper is served by filing it with the court's electronic-filing system.").

## **CERTIFICATE OF CONFERENCE**

  I, Michael R. Anderson, Associate Attorney for the Chavez Law Firm, certify that I have complied with the Federal Rules in conferring with Defendant's counsel. On 4/25/22, I sent an email to Defendant's counsel in a good faith attempt to confer as to whether Defendant opposes this Motion. Defendant's counsel and myself had further discussions via email on 4/26/22 regarding this Motion but were unable to reach an agreement.

*/s/ Michael R. Anderson*
**Michael Anderson**